UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MISTY J. METZGER,                                    Case No. 13-13842

               Plaintiff,                      Arthur J. Tarnow
v.                                                   United States District Judge

COMMISSIONER OF SOCIAL SECURITY,                     Michael Hluchaniuk
                                                     United States Magistrate Judge
               Defendant.
_____/

**REPORT AND RECOMMENDATION**
**RULE 41(b) DISMISSAL AND**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17)**

## I.   PROCEDURAL HISTORY

    A.   Proceedings in this Court

On September 10, 2013, plaintiff, appearing pro se, filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), District Judge Arthur J. Tarnow referred this matter to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for a period of supplemental security income benefits. (Dkt. 3). After plaintiff failed to file her motion for summary judgment in accordance with the Court's scheduling order, defendant filed a motion for summary judgment on June 12, 2014. (Dkt. 17). Plaintiff did not, however, file a motion for summary

Report and Recommendation
Rule 41(b) Dismissal
*Metzger v. Comm'r*; Case No. 13-13842

judgment, contrary to the amended scheduling order dated February 4, 2013. (Dkt. 15). Plaintiff neither filed a motion for summary judgment, nor made any attempt to seek an extension. On April 21, 2014, the Court issued an order for plaintiff to show cause in writing, by May 12, 2014, why she failed to comply with the scheduling order. (Dkt. 16). In the alternative, the Court permitted plaintiff to file her motion for summary judgment by that same date. (Dkt. 16). She did neither. The show cause order specifically provided that "[f]ailure to respond in writing to this Order to Show Cause in this matter by plaintiff Misty J. Metzger may result in the dismissal of plaintiff's case." (Dkt. 16).

B.   Administrative Proceedings

Plaintiff filed the instant claims on September 20 and 21, 2010, alleging that she became unable to work on May 14, 2010. (Dkt. 11-2, Pg ID 143). The claim was initially disapproved by the Commissioner on March 16, 2011. (Dkt. 11-2, Pg ID 143). Plaintiff requested a hearing and on January 5, 2012, plaintiff appeared before Administrative Law Judge (ALJ) Richard L. Sasena, who considered the case *de novo*. In a decision dated May 31, 2012, the ALJ found that plaintiff was not disabled. (Dkt. 11-2, Pg ID 143-54). Plaintiff requested a review of this decision on June 18, 2012. (Dkt. 11-2, Pg ID 138). The ALJ's decision became the final decision of the Commissioner on March 30, 2013, when the Appeals Council denied plaintiff's request for review. (Dkt. 11-2, Pg ID 135-136); *Wilson*

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

This matter is now ready for report and recommendation.  For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b) or, in the alternative, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

Plaintiff was 32 years of age on the disability onset date.  (Dkt. 11-2, Pg ID 152).  Plaintiff's relevant work history included work as a grocery clerk.  (Dkt. 11-2, Pg ID 152).  The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the onset date.  (Dkt. 11-2, Pg ID 145).  At step two, the ALJ found that plaintiff's fibromyalgia, asthma, anemia, history of migraine headaches, obesity and major depressive order were "severe" within the meaning of the second sequential step.  *Id*.  At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations.  (Dkt. 11-2, Pg ID 146).  At step four, the ALJ found that plaintiff could not perform her previous work.  (Dkt. 11-2, Pg ID 152).  The ALJ concluded that plaintiff had the residual functional capacity to perform sedentary work but with the following additional limitations: requires a sit/stand option after 15

minutes; limited to occasional climbing, balancing, stooping, kneeling, crouching, and crawling; no climbing ladders, scaffolds, or ropes; must avoid concentrated exposure to vibrating tools, dust, fumes, gasses, and other respiratory irritants; and limited to simple, routine, repetitive tasks that require little judgment and could be learned in a short period.  (Dkt. 11-2, Pg ID 147).  At step five, the ALJ denied plaintiff benefits because plaintiff could perform a significant number of jobs available in the national economy and thus was not disabled through the last date insured.  (Dkt. 11-2, Pg ID 152-153).

## III.    DISCUSSION

### A.    Rule 41(b) Dismissal

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted."  *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."  *Link*, 370 U.S. at 629-630.  "[D]istrict courts possess broad discretion to sanction parties for failing to comply with procedural requirements."  *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing, *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir.1991).  Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior

of the noncomplying party rises to the level of a failure to prosecute under Rule

41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary

dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these
> rules or a court order, a defendant may move to dismiss
> the action or any claim against it. Unless the dismissal
> order states otherwise, a dismissal under this subdivision
> (b) and any dismissal not under this rule - except one for
> lack of jurisdiction, improper venue, or failure to join a
> party under Rule 19 - operates as an adjudication on the
> merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which

merely authorizes a motion by the defendant – nor its policy requires us to

conclude that it was the purpose of the Rule to abrogate the power of courts,

acting on their own initiative, to clear their calendars of cases that have remained

dormant because of the inaction or dilatoriness of the parties seeking relief." *Link

v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court

to dismiss a plaintiff's action with prejudice because of his failure to prosecute

cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of

Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district

court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order

of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to

sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers "four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the Court warned plaintiff that her case would be dismissed if she failed to file her motion for summary judgment or respond to the order to show cause. (Dkt. 16). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id.*

Regardless, "defendant[] cannot be expected to defend an action," that plaintiff has "apparently abandoned, not to mention the investment of time and resources expended to defend this case." *Id*. Thus, the first and third factors weigh in favor of dismissal. Finally, given plaintiff's failure to substantively participate in this case since the filing of the complaint, the undersigned sees no utility in considering or imposing lesser sanctions. Thus, none of the factors weigh against dismissal for failure to prosecute.

It is true that "district courts should be especially hesitant to dismiss for procedural deficiencies where, as here, the failure is by a *pro se* litigant." *White*, at *8, quoting, *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996). However, "dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). Indeed, a *sua sponte* dismissal may be justified by a plaintiff's "apparent abandonment of [a] case." *White*, at *5, citing *Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). While the undersigned is sympathetic to plaintiff's situation, she failed to file an initial brief. Plaintiff also failed to file any substantive response to the order to show cause. Under the circumstances, in the view of the undersigned, dismissal is appropriate.

This outcome is consistent with the prevailing practice throughout this district. *See e.g.*, *Gayles v. Comm'r of Soc. Sec.*, 2010 WL 3582553, *1 (E.D.

Mich. 2010) (Rosen, J.) (adopting Report and Recommendation to dismiss case for failure to prosecute under 41(b) where plaintiff argued his failure was due to his failed attempts to find a lawyer); *Mason v. Comm'r of Soc. Sec.*, 2013 WL 5423050, *1 (E.D. Mich. 2013) (Zatkoff, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *McNaughton v. Comm'r of Soc. Sec.*, 2009 WL 4646029, *2 (E.D. Mich. 2009) (Borman, J.) (dismissing with prejudice for failure to prosecute under 41(b)); *Yax v. Comm'r of Soc. Sec.*, 2011 WL 3034914, *1 (Battani, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Stennis v. Comm'r of Soc. Sec.*, 2012 WL 3758096, *1 (E.D. Mich. 2012) (Hood, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)); *Smith v. Comm'r of Soc. Sec.*, 2012 WL 4511251, *1-2 (E.D. Mich. 2012) (Steeh, J.) (dismissing with prejudice for failure to prosecute under Rule 41(b)).

  B.  Defendant's Motion for Summary Judgment

  In the alternative, the undersigned also recommends that defendant's motion for summary judgment be granted.  The undersigned has reviewed the record evidence, the ALJ's decision, and the Commissioner's motion for summary judgment.  The Commissioner's argument that the ALJ properly weighed the medical evidence and concluded that plaintiff could perform a narrow range of sedentary work is supported by substantial evidence in the record.  While plaintiff claims in her complaint that her conditions have worsened, and attaches medical

records from the latter half of 2012 in support of this claim, even if the Court

could consider such evidence, this does little to undercut the ALJ's decision that

she was not disabled through the date of the decision, May 31, 2012.

## IV.   RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that

plaintiff's complaint be **DISMISSED** under Federal Rule of Civil Procedure 41(b)

or, in the alternative, that defendant's motion for summary judgment be

**GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and

Recommendation, but are required to file any objections within 14 days of service,

as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d).  Failure to file specific objections constitutes a waiver of any further right

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and

Human Servs.*, 932 F.2d 505 (6th Cir. 1981).  Filing objections that raise some

issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation. *Willis v. Sec'y of Health

and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of

Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule

72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

Report and Recommendation
Rule 41(b) Dismissal
*Metzger v. Comm'r*; Case No. 13-13842

etc.  Any objection must recite precisely the provision of this Report and

Recommendation to which it pertains.  Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the

objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the

same order, and labeled as "Response to Objection No. 1," "Response to Objection

No. 2," etc.  If the Court determines that any objections are without merit, it may

rule without awaiting the response.

Date: June 16, 2014                         s/Michael Hluchaniuk
                                            Michael Hluchaniuk
                                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on June 16, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Ameenah Lewis, Jason Scoggins, Laura A. Sagolla and that I have mailed by United States Postal Service to the following non-ECF participant: Misty J. Metzger, 8899 Bridge Lake Road, Apt. #2, Clarkston, MI 48348.

                                            s/Tammy Hallwood
                                            Case Manager
                                            (810) 341-7887
                                            tammy_hallwood@mied.uscourts.gov